ELLEN F. ROSENBLUM #753239
Attorney General
CAROLYN G. WADE #832120
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Facsimile: (503) 373-7067
E-mail: carolyn.g.wade@doj.state.or.us

Attorneys for State of Oregon

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Todd Brien Leeders and Vivian Ann Leeders,<br><br>Debtors. | Chapter No. 11<br><br>Case No. 19-60923-pcm11<br><br>JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS OR ALTERNATIVELY CONVERT CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 |

The State of Oregon, Department of Revenue (ODR), joins in the U.S. Trustee's motion to convert this case to one under chapter 7 for cause pursuant to 11 U.S.C. § 1112(b)(4). In support of the joinder, ODR represents as follows:

**<u>Misuse of Estate Assets Constituting Gross Mismanagement; 11 U.S.C. § 1112(b)(4)(B)</u>**

Debtors voluntarily converted this case from one under chapter 13 more than four months ago. Based on the monthly operating reports filed since then, they have boldly and stubbornly refused to use an authorized DIP bank account in violation § 345 and this court's order of August 13, 2019. Although a bank account was eventually opened, the monthly operating reports show that payments are not being made through the account.

Page 1 of 7 – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS
*In re Leeders*                                                                                       CGW:kav/CED9868418
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400
Case 19-60923-pcm7    Doc 106    Filed 12/16/19

Mr. Leeder operates Leeders Consulting LLC which does not pay him a salary, but the documents filed as Case Management Documents included multiple invoices from the LLC. The August monthly operating report listed "collection of accounts receivable or note payable" gross receipts of $7,150 but net of only $5,362.50 from "Studio Enterprise." Studio Enterprise is the customer of the LLC on the invoices provided; there was no explanation of how the LLC's account receivable became a receivable of the debtor or how there became a reduction from the gross figure to the net in a collection of a receivable. That same month, debtors received a cash payment of $2,801, which they used to pay expenses that cannot be paid in cash: iTunes.com, Amazon Prime Video, Netflix.com, Lyft, Amazon Digital.com, and Amazon.Com. The cash must have been deposited somewhere, because there was an ATM fee, and an expense described only as an ATM Cash Withdrawal—which describes only where the funds were derived from, not where they went.

**Failure to Comply with Court Orders; 11 U.S.C. § 1112(b)(4)(E)**

Notwithstanding the court's repeated admonishments that document deadlines must be adhered to, the debtors have missed nearly every deadline set by court order:

- Conversion schedules were due August 27, 2019.[1] An extension was requested before that deadline[2] because, according to debtors' counsel, debtors were "working on the administrative aspects of the case as well as organizing the information requested by their accountant to prepare several years of tax returns."[3] With that effort, one could reasonably hope that the overdue tax returns would be filed within the time set by the court.
- Case management documents were due on September 4, 2019.[4] While it is true that some documents were filed on that date,

---

[1] See, Order Granting Motion to Convert dated August 13, 2019 [D.I. 40].
[2] See, Motion to Extend Time [D.I. 57].
[3] See, First Amended Motion to Extend Time [D.I. 58].
[4] See, Order Setting Scheduling and Case Management Conference dated August 19, 2019 [D.I. 51].

Page 2 of 7 – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS
*In re Leeders*　　　　　　　　　　　　　　　　　　　　　　　　　　　CGW:kav/CED9868418
**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 19-60923-pcm7    Doc 106    Filed 12/16/19

- there was no list of paid and unpaid expenses, as required;
- the statement of income and expenses since the filing date consisted only of income and payments made (not expenses) since *conversion*, not filing, as required;
- there was no professional budget, as required; and
- the required historical financial information for the last three years was not presented—documents filed consisted only of a list of transactions from one account for the period of August 12, 2016 to February 20, 2017.

- At the case management conference on September 11, 2019, the court ordered that the unfiled tax returns for 2017 and 2018 be filed by November 13.[5] **ODR has still not received the 2018 tax return.**

- The August monthly operating report was due on September 21, 2019. When it had not been filed by October 2, 2019, the court set a hearing. Later that day, debtors filed both a motion[6] for an extension of time to file the August monthly operating report and the August monthly operating report[7] itself. The court entered an order[8] granting the motion on October 7, 2019, noting "It is Further Ordered that no further extensions of time will be granted in this case when a motion is not filed prior to expiration of the deadline. Failure to abide by such deadlines may lead to dismissal of the case without further notice or hearing."

- The September monthly operating report was due on October 21, 2019. When it had not been filed by October 25, 2019, the court set a hearing. At the hearing on November 1, 2019, debtors' counsel reported that Mr. Leeders's father had suffered a stroke on October 21, 2019, so he dropped everything on that day to be

---

[5] See, Order Setting Deadline for Debtors to File Disclosure Statement and Plan of Reorganization and Other Case Related Deadlines, dated September 13, 2019. [D.I. 72].
[6] D.I. 85
[7] D.I. 83
[8] See, Order Granting Motion to Extend Time in Which to File August 2015 Report, dated October 7, 2019. [D.I. 87].

Page 3 of 7 – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS
*In re Leeders*  CGW:kav/CED9868418
**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400
Case 19-60923-pcm7    Doc 106    Filed 12/16/19

with his family, and did not get in touch with his counsel until October 30 to explain his silence. The court expressed its sympathies to Mr. Leeders, but was very clear about the deadlines in the case being important, and that the upcoming deadlines for items such as the plan and disclosure statement must be met. The court encouraged the debtor to get information to his counsel in the future so that documents could be filed in a timely basis and the case would not need to be dismissed.

- The October monthly operating report was due on November 21, 2019. Four days after the deadline, the debtors again filed a motion[9] to file the monthly operating report late, this time, according to their counsel, because after having emailed a draft to counsel's office at 3:37 p.m. on the due date, Mr. Leeders did not respond to an email or a telephone call from counsel's paralegal until the next day, citing email problems, and then sent one of several required attachments. The second attachment followed later that morning. The paralegal called that afternoon to inquire about the third attachment. Two days later, the debtor had still not sent the insurance information, so the motion to file the report late was necessary. The report was eventually filed on November 27, 2019.[10]

- At the case management hearing on September 11, 2019, debtor's counsel represented that the plan was basically drafted. The court ordered the plan and disclosure statement be filed by December 11, 2019.[11] At 4:51 p.m. on December 11, 2019, after the United States Trustee had already filed the motion to dismiss or convert, debtors filed a motion[12] to extend the time to file the plan and

---

[9] D.I. 94.
[10] D.I. 96
[11] See, Order Setting Deadline for Debtors to File Disclosure Statement and Plan of Reorganization and Other Case Related Deadlines, dated September 13, 2019. [D.I. 72].
[12] D.I. 101

**Page 4 of 7** – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS
*In re Leeders*   CGW:kav/CED9868418

disclosure statement by 37 days. It is not exactly clear why this much additional time is needed. According to debtors' counsel:

- Tax returns mailed by counsel's office to debtors on November 19, 2019 never reached the debtors, but Mr. Hurley can provide replacement copies as soon as possible.
- Those returns must be signed and filed before the plan and disclosure statement can be filed with the court.

Had the returns mailed on November 19, 2019 not been lost in the mail, debtors would have signed and filed them, presumably within a reasonable amount of time. There is no explanation why the plan and disclosure statement, due 22 days after those returns were mailed to the debtors, could not be filed in 22 days or less after the replacement returns are mailed to the debtors.

**Debtors Cannot Propose a Feasible Plan; 11 U.S.C. § 1112(b)(4)(A)**

Debtors have not made a house payment on their first or second mortgages since the spring of 2018. At the time the bankruptcy was filed, the Wells Fargo arrearage was $32,772.06 and the balance was $418,785.01. The monthly payment is $2,589.03.[13] The prepetition arrearage for Key Bank is $20,899, the balance was $272,390.62; the monthly payment is $1,710.36.[14] The post-petition arrearages for each for the nine months since the case was filed, not including any force-placed insurance and real property taxes, are $23,301.27 for Wells Fargo and $15,393.24 for Key Bank.

The house has no equity, whether the value is the $1,000,000 the debtors scheduled at the beginning of the chapter 13[15] or the $750,000 they scheduled upon conversion.[16] The two

---

[13] POC 10-1.
[14] POC 2-1.
[15] D.I. 13.
[16] D.I. 61

Page 5 of 7 – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS
*In re Leeders*  CGW:kav/CED9868418

consensual liens total $691,175.60.  The IRS has a secured claim of $333,549.[17]  Priority taxes owed to ODR[18] and the IRS total $103,212.93.

Debtors' counsel said that the plan would pay real property arrears and priority taxes over five years and the secured taxes over seven and a half.  Including interest to ODR at 10% and to the IRS at 4%, those payments would be $1,071 per month to ODR, $976.44 to IRS for the priority taxes, and $1,539.43 for the real property arrearages, both pre- and post-petition.  That plan would further require payments of $4,281.62 for 91 months for the secured IRS claim with 4% interest, plus the ongoing mortgage payments of $2,589.03 and $1,701.36.  That's a total of $12,158.88 per month plus the debtors' average monthly living expenses of $3,723 (based on their monthly operating expenses).  Debtors would need to be netting $15,881.88 per month before paying anything to professionals or general unsecured creditors.

A comparison of debtors' projections to actuals at the end of October makes clear the impossibility of rehabilitation in chapter 11 and the continuing failure of debtors to live within their means.  During the nine weeks for which we have records, they projected receiving cash from the LLC of $38,720, but received only $26,125, a 32.5% shortfall.  They projected to spend $1,080 in dining out, but spent $2,395.83, 121% more than projected.  Notwithstanding the court's warning about the need to make self-employment tax deposits, the budgeted payment of $14,500 was completely ignored.  Although budgeted, no payments were made to the debtors' counsel or their CPA.  Not even on the budget is an entry for homeowners' insurance.

On October 22, 2019, debtors paid $367 to Your Place Public Storage.[19]  Debtors' home is 3806 square feet and they have only $1,000 worth of household goods; surely they have sufficient room to store whatever is in the storage facility in their home.  Debtors' counsel has not responded to an inquiry about the storage facility.

---

[17] POC 8-2.
[18] POC 21-1.
[19] D.I. 96

**Page 6 of 7** – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS

*In re Leeders*  CGW:kav/CED9868418
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR  97301-4096
PHONE:  (503) 934-4400

Case 19-60923-pcm7    Doc 106    Filed 12/16/19

1      On October 31, 2019, debtors transferred $694.09 to "KristyAnnWi" by PayPal. There is no notation in the worksheet as to the purpose of the transfer. Debtors' counsel has not responded to an inquiry about the PayPal payment.

Those two unexplained payments alone constitute more than 20% of the debtors' October disbursements.

## CONCLUSION

Debtors filed a chapter 13 case but were woefully unsuited to be debtors there—the plan was underfunded by more than $300,000, they proposed to retain expensive real property and a four-wheeler, and they failed to even make their first plan payment. Now, having avoided dismissal once by converting, they have had a continued four-month holiday of payments but have not been able to use that time to operate within the court's strictures, become realistic about finances, or propose a plan that would pay their debts in a reasonable time. The time has come to impose some order and appoint a fiduciary to review exactly what is the situation with the LLC, what is in the storage facility, what was purchased with PayPal, and to stop the bleeding with the overly-encumbered house. The case must be converted to chapter 7 and a trustee appointed.

DATED this 16th day of December, 2019.

ELLEN F. ROSENBLUM
Attorney General

/s/ Carolyn G. Wade
Carolyn G. Wade  #832120
Senior Assistant Attorney General
Department of Justice
Of Attorneys for ODR
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 934-4400
Facsimile: (503) 373-7067
E-mail: carolyn.g.wade@doj.state.or.us

**Page 7 of 7** – JOINDER IN U.S. TRUSTEE'S MOTION TO DISMISS
*In re Leeders*    CGW:kav/CED9868418
**DEPARTMENT OF JUSTICE**
1162 Court Street NE
Salem, OR 97301-4096
PHONE: (503) 934-4400

Case 19-60923-pcm7    Doc 106    Filed 12/16/19

CERTIFICATE OF SERVICE

I certify that on December 16, 2019, I served the foregoing Joinder in U.S. Trustee's Motion to Dismiss upon the parties hereto by E-notification and by United States Postal Service, First Class mail, postage prepaid, a true, exact and full copy thereof to as indicated:

**By E-Notification:**

- KEITH Y BOYD    ecf@boydlegal.net, arnold@boydlegal.net

- MICHAEL SCOTT    bknotice@mccarthyholthus.com, mscott@mccarthyholthus.com;mscott@ecf.courtdrive.com

- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

**By United States Postal Service, First Class Mail:**

Patrick J Hurley
Hurley's Tax Inc
843 Alder Creek Dr #B
Medford, OR 97504

JPMorgan Chase Bank, N.A.
14841 DALLAS PARKWAY, SUITE 425
DALLAS, TX 75254

Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO 80129

Todd Brien Leeders
13055 Sunnyside Rd.
Dallas, OR 97338-9331

Vivian Ann Leeders
13055 Sunnyside Rd.
Dallas, OR 97338-9331

/s/ Carolyn G. Wade
Carolyn G. Wade  #832120
Senior Assistant Attorney General

Page 1 of 2 – CERTIFICATE OF SERVICE
*In re Leeders*                                                                                       CGW:kav/CED9868418
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR  97301-4096
PHONE:  (503) 934-4400
Case 19-60923-pcm7    Doc 106    Filed 12/16/19